UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MICHAEL MCNALL and KARYL MCNALL,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC RETIREMENT SERVICES, INC., et al.,<br><br>Defendants. | Case No. 16-cv-00889-LB<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: ECF No. 61 |

**INTRODUCTION**

This case is a qui tam action brought by relators Michael McNall and Karyl McNall on behalf of the United States against defendants Pacific Retirement Services, Inc. and Rehab Specialists I, LLC (d/b/a Consonus Rehab Services). In May 2017, the government filed a notice declined to intervene, and the case was unsealed.[1]

---

[1] Order re Gov't Amend. Notice of Election to Decline Intervention – ECF No. 11. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 16-cv-00889-LB

Between 2017 and 2019, the parties entered into numerous stipulations to extend the deadline for the defendants to respond to the complaint.[2] The parties said that one of the reasons for extending the defendants' deadline was because there was an underlying criminal proceeding that was going to go to trial (that was repeatedly continued) that would impact the defendants' responses to the complaint.[3]

That underlying proceeding was the criminal trial of relator Michael McNall.[4] In April 2016, after this case was filed and while it remained under seal (i.e., before the government declined to intervene), the McNalls' home in Oregon exploded.[5] In early 2017, Mr. McNall was charged with arson related to that explosion.[6] Following several continuances, Mr. McNall was tried and convicted in February 2019.[7] Mr. McNall has appealed his conviction.[8]

Cotchett, Pitre, and McCarthy, LLP ("CPM"), counsel for the McNalls, now moves to withdraw as counsel.[9] Before the outcome of Mr. McNall's criminal trial, CPM informed the McNalls that it was not willing to litigate this case on their behalf if Mr. McNall were convicted.[10] When Mr. McNall was convicted, CPM and the McNalls agreed that the McNalls would find new counsel to substitute into the case if they wished to proceed.[11] CPM states that "material changes

---

[2] Stipulation – ECF No. 29; Stipulation – ECF No. 31; Stipulation – ECF No. 41; Stipulation – ECF No. 45; Stipulation – ECF No. 48; Stipulation – ECF No. 51; Stipulation – ECF No. 53; Stipulation – ECF No. 55; Stipulation – ECF No. 58.

[3] Gorton Decl. – ECF No. 41-1 at 2 (¶ 6); Gorton Decl. – ECF No. 45-1 at 2 (¶ 7); Gorton Decl. – ECF No. 48-1 at 2 (¶ 8); Gorton Decl. – ECF No. 51-1 at 2 (¶ 9); Gorton Decl. – ECF No. 53-1 at 2 (¶ 5); Gorton Decl. – ECF No. 55-1 at 2 (¶¶ 4, 6); Gorton Decl. – ECF No. 58-1 at 2 (¶ 4, 9).

[4] Buescher Decl. – ECF No. 61-1.

[5] *Id.* at 2 (¶ 3).

[6] *Id.* (¶ 4).

[7] *Id.* (¶¶ 4–5).

[8] *Id.* (¶ 5).

[9] CPM Mot. to Withdraw – ECF No. 61.

[10] Buescher Decl. – ECF No. 61-1 at 3 (¶ 12).

[11] *Id.*

to the circumstances of the McNalls' life have resulted in a deteriorating attorney-client relationship" and states that it has good cause to withdraw as counsel.[12]

The defendants do not oppose CPM's motion to withdraw.[13] The government did not file an opposition to CPM's motion to withdraw.[14] Ms. McNall opposes CPM's motion.[15] Mr. McNall did not file an opposition or a statement of non-opposition.[16]

The court held a hearing and finds that CPM has taken adequate steps to avoid foreseeable harm caused by its withdrawal. The court grants CPM's motion to withdraw for the reasons advanced in its filings and discussed at the hearing.

## ANALYSIS

### 1. Governing Law

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The Local Rules further provide that if the client does not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw will be granted on the condition that all papers from the court and from the opposing party will be served on the current (and withdrawing) counsel to forward to the client until the client appears through new counsel or pro se (if the client is not a corporate defendant). N.D. Cal. Civ. L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009) (citing *Elan Transdermal Ltd. v. Cygnus Therapeutic Sys.*,

---

[12] *Id.* at 2 (¶ 10).

[13] Defs. Non-Opp'n – ECF No. 65.

[14] *See* Docket.

[15] Karyl McNall Opp'n – ECF No. 64; Karyl McNall Suppl. Letter – ECF No. 70.

[16] *See* Docket.

809 F. Supp. 1383, 1387 (N.D. Cal. 1992)). California Rule of Professional Conduct 1.16 sets forth several grounds under which an attorney may request permission to withdraw, including that:

> (1) the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law; (2) the client either seeks to pursue a criminal or fraudulent course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud; (3) the client insists that the lawyer pursue a course of conduct that is criminal or fraudulent; (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively; (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation; (6) the client knowingly and freely assents to termination of the representation; (7) the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal; (8) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively; (9) a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or (10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 1.16(d), which states that counsel must not withdraw from employment until counsel "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel," and returned client materials, property, and unearned or unincurred fees or expenses.

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when considering a motion for withdrawal, including (1) the reasons counsel seeks to withdraw, (2) the possible prejudice that withdrawal may cause to other litigants, (3) the harm that withdrawal might cause to the administration of justice, and (4) the extent to which withdrawal will delay resolution of the case. *Forreststream Holdings Ltd. v. Shenkman*, No. 16-cv-01609-LB, 2019 WL 1096797, at *2 (N.D. Cal. Mar. 8, 2019) (citing *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)).

## 2. Application

Good cause exists for CPM's withdrawal. The deteriorating attorney-client relationship between the McNalls and CPM, caused in part by Mr. McNall's criminal conviction, has made it "unreasonably difficult" for CPM to continue representing the McNalls. Additionally, CPM took reasonable steps to avoid prejudice to the McNalls from the withdrawal. CPM notified the McNalls at least six months ago that it would not be willing to litigate the matter given Mr. McNall's criminal conviction.[17] The McNalls agreed that they would find substitute counsel.[18] CPM sought and obtained from the defendants extensions of deadlines to give the McNalls time to find new counsel.[19] Additionally, withdrawal will not unduly delay resolution of the case, as the defendants have not yet responded to the complaint and the case remains in its earliest stages.

The court recognizes that CPM's withdrawal potentially may prejudice the McNalls insofar as they are unable to retain new counsel, because if they do not have counsel, they cannot proceed with this qui tam case. *See Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126–28 (9th Cir. 2007) (a pro se plaintiff may not bring a qui tam action or pursue a False Claims Act claim on behalf of the United States). But this alone is insufficient to warrant denying CPM's motion to withdraw in light of the other reasons supporting withdrawal here. *Cf., e.g.*, *United States ex rel. McLean v. Cty. of Santa Clara*, No. C05-1962 HRL, 2009 WL 3297502, at *2 (N.D. Cal. Oct. 9, 2009) (granting counsel's motion to withdraw despite fact that qui tam plaintiff did not have substitute counsel).

The court stays the case until September 30, 2019 to give the McNalls an additional opportunity to retain new counsel.[20] If the McNalls fail to retain new counsel on or before the expiration of the stay, the court intends to dismiss this case without prejudice to the government. *Cf. McLean*, 2009 WL 3297502, at *3 (citing *Stoner*, 502 F.3d at 1128).

---

[17] Buescher Decl. – ECF No. 61-1 at 3 (¶ 12).

[18] *Id.*

[19] *Id.* (¶¶ 12, 15); *see* Stipulation – ECF No. 55-1 at 2 (¶¶ 4, 6); Stipulation – ECF No. 58-1 at 2 (¶¶ 4, 8–9); Buescher Decl. – ECF No. 60-1 at 2–3 (¶¶ 8–9).

[20] The court recognizes that the defendants oppose a stay but finds that a brief one-month stay will not result in significant prejudice. *Cf. McLean*, 2009 WL 3297502, at *3.

By virtue of the stay, the court extends the defendants' deadline to respond to the complaint from October 1, 2019 to October 31, 2019.

## CONCLUSION

The court grants CPM's motion to withdraw as counsel for relators Michael and Karyl McNall.

The court orders CPM to continue to serve the McNalls with all papers until the McNalls file a substitution of counsel. The court specifically orders CPM to serve a copy of this order on the McNalls and to file proof of service with the court within one week.

The court stays this case until September 30, 2019 to give the McNalls an additional opportunity to retain new counsel. If the McNalls fail to retain new counsel on or before the expiration of the stay, the court intends to dismiss this case without prejudice to the government.

The court extends the defendants' deadline to respond to the complaint from October 1, 2019 to October 31, 2019.

**IT IS SO ORDERED.**

Dated: August 29, 2019

_____
LAUREL BEELER
United States Magistrate Judge